# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| CHIQUITA VINSON, as Administrator of the Estate of TOCARIOUS JOHNSON, deceased, <br><br> *Plaintiff*, <br><br> vs. <br><br> FCA US LLC f/k/a CHRYSLER GROUP LLC; AUTO FUNDING GROUP, LLC d/b/a 2nd CHANCE AUTO SALES, et al. <br><br> *Defendants*. | Civil Action No.: <br> _____ |

## FCA US LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, FCA US LLC hereby gives notice of the removal of this action from the Circuit Court of Montgomery County, Alabama, (the "State Court Action") to the United States District Court for the Middle District of Alabama, Northern Division, based on fraudulent joinder of Auto Funding Group, LLC d/b/a 2nd Chance Auto Sales ("2nd Chance Auto"), the only defendant that is a citizen of Alabama.

As grounds for this Notice, FCA US states as follows:

## I. BACKGROUND

1. On or about July 7, 2022, Plaintiff Chiquita Vinson ("Plaintiff"), as Administrator of the Estate of Tocarious Johnson, filed this wrongful death action, bearing case number 03-CV-2022-900833.00, in the Circuit Court of Montgomery County, Alabama. (A true and correct copy of the lawsuit along with all State Court pleadings are attached hereto as Exhibit "A", as required by 28 U.S.C. § 1446(a).

2. This is a product liability case involving a 2010 Dodge Charger vehicle, Vehicle Identification Number ("VIN") 2B3AA4CT5AH117537 ("Subject Vehicle"), wherein Plaintiff alleges defects in the design and manufacturing of the vehicle as relates to its Takata air bag inflator, among other claims. (*See* Complaint, ¶¶ 12-21; Ex. A).

3. Removal is timely pursuant to 28 U.S.C. § 1446(b). FCA US was served through its registered agent, C T Corporation System, on July 14, 2022.

4. The State Action is properly removed to the United States District Court for the Middle District of Alabama, Northern Division, as that is the "district and division embracing the place where [the State Action] is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 81(b)(1) (listing Montgomery County as within the Northern Division of the Middle District of Alabama).

## II.     GROUNDS FOR REMOVAL

5.    This case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and under 28 U.S.C. § 1441(b), because diversity of citizenship exists between Plaintiff and FCA US (the only proper parties to this action named in the Complaint) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    The Parties are Diverse Because 2nd Chance Auto Has Been Fraudulently Joined

6.    Plaintiff is a citizen of Alabama. (Complaint, ¶ 1).

7.    FCA US is a Delaware limited liability company with its principal place of business in Auburn Hills, Michigan.[1] (Complaint, ¶ 3). Therefore, as between Plaintiff and FCA US, there is complete diversity of citizenship under 28 U.S.C. § 1332(c)(2), save for 2nd Chance Auto, an Alabama corporation, according to the Complaint.

---

[1] FCA US LLC's sole member, FCA North America Holdings LLC, is a Delaware limited liability company with its principal place of business in Michigan, whose sole member is FCA Foreign Sales Holdco Ltd. FCA Foreign Sales Holdco Ltd. is incorporated under the laws of the United Kingdom and has its principal place of business in the United Kingdom. FCA Foreign Sales Holdco Ltd. is wholly owned by SFS UK 1 Limited, which is incorporated under the laws of the United Kingdom and has its principal place of business in the United Kingdom. SFS UK 1 Limited is wholly owned by Stellantis N.V. f/k/a Fiat Chrysler Automobiles N.V., which is incorporated under the laws of the Netherlands and has its principal place of business in the Netherlands. Under the laws of the Netherlands, Stellantis, N.V. is an independent legal entity with separate legal standing from any of its investors or legal representatives.

8. The Complaint alleges 2nd Chance Auto is a domestic corporation with its principal place of business in Montgomery, Alabama. (Complaint, ¶ 4).

9. Although 2nd Chance Auto may be considered an Alabama citizen, its presence in this action does not compromise the complete diversity requirement because it has been fraudulently joined to defeat federal diversity jurisdiction. *See Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003).

10. Fictitious Defendants A – C's citizenship should be disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b).

11. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

12. Joinder will be deemed fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Id.* at 1287. Stated differently, Plaintiff must "have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id.* Where, as here, "on the face of the pleadings, there is a lack of complete diversity... "an action may nevertheless be removable if the joined of the non-diverse party... were fraudulent." *Id.* (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996)

4

(*abrogated on other grounds by Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

13. The "determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

14. Plaintiff's Complaint alleges claims arising from the following causes of action: the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"), negligence, and wantonness. Based on the factual allegations, these claims are "product liability actions" as defined by Ala. Code § 6-5-521(a):

> A "product liability action" means any action brought by a natural person for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging, or labeling of a manufactured product when such action is based upon (1) ***negligence***, (2) innocent or negligent misrepresentation, (3) the manufacturer's liability doctrine, (4) ***the Alabama extended manufacturer's liability doctrine*** as it exists or is hereafter construed or modified[…]

Ala. Code § 6-5-521(a) (emphasis added).

15. Claims against a "seller" like 2nd Chance Auto in a "product liability action" are sharply circumscribed by Alabama's "Innocent Seller Statute" which "significantly limits a consumer's ability to bring such actions against distributors."

*Barnes v. Gen. Motors, LLC*, Case No. 2:14-CV-00719-AKK, 2014 WL 2999188, at *3 (N.D. Ala. July 1, 2014).

16. The "Innocent Seller Statute" provides:

> ***No product liability action may be asserted*** or may be provided a claim for relief against any distributor, wholesaler, ***dealer***, retailer, or seller of a product, or against an individual or business entity using a product in the production or delivery of its products or services (collectively referred to as the distributor) ***unless*** any of the following apply:
>
> (1) The distributor is also the manufacturer or assembler of the final product and such act is causally related to the product's defective condition.
> (2) The distributor exercised substantial control over the design, testing, manufacture, packaging, or labeling of the product and such act is causally related to the product's condition.
> (3) The distributor altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought.
> (4) It is the intent of this subsection to protect distributors who are merely conduits of a product. This subsection is not intended to protect distributors from independent acts unrelated to the product design or manufacture, such as ***independent acts of negligence, wantonness, warranty violations, or fraud***.

Ala. Code § 6-5-521(b)(1)-(4) (emphasis added).

17. Plaintiff's Complaint does not allege that 2nd Chance Auto is a "manufacturer or assembler" of the Subject Vehicle; or that 2nd Chance Auto "exercised substantial control over the design, testing, manufacture, packaging, or labeling" of the Subject Vehicle; or even that 2nd Chance Auto "altered or modified" the Subject Vehicle." Therefore, Plaintiff cannot rely on subsections (b)(1) through (b)(3) to avoid the

6

protection afforded to 2nd Chance Auto under Alabama's Innocent Seller Statute (Ala. Code § 6-5-521(b)(1)-(4)).

19. Therefore, the ***only*** feasible basis for Plaintiff's claim against 2nd Chance Auto to proceed would be via § 6-5-521(b)(4), which requires that the Plaintiff articulate a discrete "independent act" by 2nd Chance Auto "unrelated to the product design or manufacture" constituting "negligence, wantonness, warranty violations, or fraud." *Id.*

19. Yet Plaintiff alleges no "independent act unrelated to the product design or manufacture" that would qualify under § 6-5-521(b)(4). Instead, Plaintiff merely recites the legal conclusion that 2nd Chance Auto was "negligent and/or wanton" in its "identification, remedy, or warning of defects and dangers in the subject vehicle"; and that 2nd Chance Auto "sold a vehicle subject to recall to Plaintiff's decedent." (Complaint, ¶ 40).

20. In other words, Plaintiff's claims "contain no language specifically implicating [the dealer] other than its role in further placing the vehicle into the stream of commerce." *Cooper v. Nissan Motor Co..*, Case No. 2:18-CV-00483-KOB, 2018 WL 3109612, at *3 (N.D. Ala. June 25, 2018)[2]. Where, as here, there is no claim or evidence specifically implicating the seller of such independent acts,

---

[2] For the Court's convenience, a copy of *Cooper v. Nissan Motor Co..*, 2018 WL 3109612 (N.D. Ala. 2018), is attached hereto as "Exhibit B".

removal is proper because "no reasonable potential exists for legal liability against the [the dealer]," *i.e.*, the dealer was fraudulently joined. *See id.*

21. Recent Alabama federal cases discussing this issue are instructive. Where, as here, plaintiffs have failed to allege that the seller knew the product was dangerous and ignored or misrepresented that danger to customers, Alabama Courts have allowed removal, based on the protection afford to sellers under Alabama's Innocent Seller Statute.

22. For instance, in *Cooper v. Nissan Motor Co.*, *supra,* the plaintiff alleged product liability, negligence, and breach of warranty claims against the manufacturer and against the seller, local car dealership Jim Burke Automotive ("Jim Burke"). Plaintiff claimed that Jim Burke "negligently and wantonly failed to warn" plaintiff of an alleged fuel system defect in the vehicle. *Id.* at *2 (Exh. B). The *Cooper* court noted the plaintiff's failure to *allege* – or subsequently offer any evidence – that Jim Burke knew of any defect at the time of sale, or that Jim Burke misrepresented the vehicle in any way to plaintiff. *Id.* Plaintiff's allegation that Jim Burke, along with the other defendants, "negligently" failed to warn plaintiff was insufficient to meet the "independent act" requirement. *Id.*

23. As in *Cooper*, Plaintiff here fails to allege any independent, tortious act committed by 2nd Chance Auto that would justify thwarting the legislature's intent to protect distributors who act as conduits for products like the Subject Vehicle.

24. In contrast, where plaintiffs allege that the dealer-defendant *knew* a product was defective, yet failed to warn the customer, or, actively misrepresented the product to the customer, federal courts in Alabama have found sellers to be unprotected by the Innocent Seller Statute. In *Barnes v. Gen. Motors, LLC*, Case No. 2:14-CV-00719-AKK, 2014 WL 2999188, at *3 (N.D. Ala. July 1, 2014), the court found that plaintiff successfully alleged an "independent act" to satisfy subsection (b)(4) of the Innocent Seller Statute where the plaintiff alleged that the dealer-defendant had actual knowledge that the side airbags had been removed from the subject vehicle, but failed to warn the plaintiff. *Id.* The court explained that the statute was not intended to "immunize sellers who **deliberately choose to sell dangerous products to unwary consumers**." *Id.* at *5 (emphasis added). Citing *Barnes*, the district court in *Waits v. Kubota Tractor Corp.,* Case No. 7:19-CV-01080-LSC, 2019 WL 4917903 (N.D. Ala. Oct. 4, 2019) similarly found (b)(4)'s "independent act" requirement satisfied where plaintiff alleged that a dealer represented the subject tractor as "suitable and safe to use" for the customer's specific desired use-case, despite knowing the "dangers" it posed based on "reports about the actual use of such tractors in the field." *Id.* at *2.

25. *Barnes* and *Waits* are clearly distinguishable from the present case. Here, Plaintiff's Complaint is <u>void of *any* factual allegations</u> that 2nd Chance Auto purchased the Subject Vehicle with knowledge that the vehicle was defective, sold

the Subject Vehicle with knowledge of the *alleged* defect, failed to warn Plaintiff's decedent that the vehicle was defective, or actively misrepresented the vehicle's suitability or characteristics. Therefore, unlike the plaintiffs in *Barnes* and *Waits*, Plaintiff here fails to *allege* any distinct, "independent act" committed by 2nd Chance Auto apart from Plaintiff's contention that 2nd Chance Auto sold an *allegedly* defective vehicle. (Complaint, ¶ ¶ 39-41).

26. It is Plaintiff's burden to plead sufficient facts for the Court to find that 2nd Chance Auto committed a specified, "independent" tortious act in satisfaction of the Innocent Seller Statute. Because Plaintiff has failed to allege any independent tortious act on the part of 2nd Chance Auto, this Court should determine that 2nd Chance Auto is immune from suit under the Innocent Seller Statute and fraudulently joined by Plaintiff. With 2nd Chance Auto removed from the Court's consideration for purposes of determining diversity jurisdiction, the Court will find complete diversity of citizenship exists between the remaining parties: Plaintiff (a citizen of Alabama) and FCA US (a foreign limited liability company).

**B. The Amount in Controversy Requirement is Met**

27. Plaintiff's Complaint does not state a value for her damages. "[W]here damages have not been specified by the plaintiff, the defendant must show by a preponderance of the evidence that the $75,000 amount-in-controversy requirement

is met." *Roe v. Michelin N. Am.*, Inc., 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), aff'd, 613 F.3d 1058 (11th Cir. 2010).

28. "[W]hen the Complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount." *See Pretka v. Kolter City Plaza II, Inc.,* 608 F. 3d 744, 754 (11th Cir. 2010).

29. The Complaint provides a basis for damages well in excess of the $75,000 jurisdictional requirement. Here, Plaintiff alleges that a defect in the Subject Vehicle resulted in Mr. Johnson's death. (Complaint, ¶ ¶ 10-15). Plaintiff specifically alleges that FCA US's "wantonness" in its design and manufacture of the Subject Vehicle's air bag system resulted in Mr. Johnson's death. *See* Complaint at ¶ 36-38.

30. In Alabama, "recovery [on a wrongful death claim] is limited to punitive damages, which 'are within the sound and honest discretion of the jury.'" *Roe*, 637 F. Supp. 2d at 997. "Where there is the reasonable possibility of an award of punitive damages greater than the jurisdictional minimum, as the court may determine from its 'judicial experience and common sense,' removal is proper." *Taylor v. Alabama CVS Pharmacy, L.L.C.,* Case No. 7:16-cv-1827-TMP, 2017 WL 3009695, at *2 (N.D. Ala. July 14, 2017).

31. Plaintiff alleges that corporate defendant FCA US "wantonly caused the loss of a human life"; therefore, "any award....calculated to punish and deter…would have to be substantial…" *Roe*, 637 F. Supp 2d at 998. The court may rely on its "judicial experience and common sense" to reasonably conclude here "that a dispute in which the [alleged] wanton conduct of a large company" results in a death "indisputably does satisfy the jurisdictional amount […]." *Id.* at 999.

32. Therefore, Plaintiff's wrongful death claim against FCA US satisfies the over $75,000 jurisdictional requirement, the amount in controversy requirement has been met.

### C. All Other Procedural Requirements for Removal Have Been Met

33. This Notice is filed within one year of the commencement of this action, and it is filed within 30 days after service of the Complaint on FCA US on July 14, 2022. Therefore, this notice of removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

34. And given that 2nd Chance Auto has been fraudulently joined, its consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) (consent required from "properly joined" defendants only); *see also Maxwell v. E-Z-Go, a Div. of Textron, Inc.,* 843 F. Supp. 2d 1209, 1213 (M.D. Ala. 2012).

35. Venue is appropriate because this action was originally filed in the Circuit Court of Montgomery County, which is located within the jurisdiction of this

Court. *See* 28 U.S.C. 1446(a); *see also* 28 U.S.C. § 81(b)(1) (listing Montgomery County as within the Northern Division of the Middle District of Alabama).

36. Written notice of the filing of this Notice of Removal is being served upon Plaintiff's counsel and promptly filed in the Circuit Court of Montgomery County, Alabama, where the action is pending. See 28 U.S.C. § 1446(d).

### III. RESERVATION OF RIGHTS

37. FCA US denies the allegations contained in Plaintiffs' Complaint, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor.

### IV. CONCLUSION

38. FCA US has therefore satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). WHEREFORE, PREMISES CONSIDERED, FCA US respectfully removes the State Court Action from the Circuit Court of Montgomery County, Alabama, to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ *Thomas E. Bazemore*
Thomas E. Bazemore, III
(asb-6231-O56T)

/s/ *Jennifer H.R. Egbe*
Jennifer H.R. Egbe
(asb-2332-N75R)

/s/ *Stewart W. McCloud*
Stewart W. McCloud
(asb-9656-A50M)

*Attorneys for Defendant FCA US LLC*

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
Telephone: (205) 251-1193
Telecopier: (205) 251-1256
tbazemore@huielaw.com
jegbe@huielaw.com
smccloud@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August 2022, I electronically filed the foregoing with the AlaFile system which will serve the following counsel of record who are AlaFile registrants:

Christopher D. Glover
BEASLEY, ALLEN, CROW,
  METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE
Suite 400
Atlanta, GA 30339
Chris.glover@beasleyallen.com
*Attorney for the Plaintiff*

Auto Funding Group, LLC
d/b/a 2nd Chance Auto Sales
c/o Tony Richards
2828 E. South Blvd.
Montgomery, AL 36116
*Co-Defendant*

Stewart E. Vance
THE VANCE LAW FIRM
7079 University Ct.
Montgomery, AL 36117
svance@thevancelawfirm.com
*Attorney for the Plaintiff*

/s/ *Jennifer H.R. Egbe*
Of Counsel