**Exhibit A**

ELECTRONICALLY FILED
7/7/2022 9:05 AM
03-CV-2022-900833.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| CHIQUITA VINSON, as Administrator of the Estate of TOCARIOUS JOHNSON, deceased, <br><br> Plaintiff, <br><br> VS. <br><br> FCA US LLC f/k/a CHRYSLER GROUP LLC; AUTO FUNDING GROUP, LLC d/b/a 2ND CHANCE AUTO SALES; and Fictitious Defendant "A", that person, corporation or other legal entity who or which designed, engineered, tested, manufactured, marketed and distributed the 2010 Dodge Charger vehicle or any components thereof which is the subject matter of this lawsuit; Fictitious Defendant "B", that person, corporation or other legal entity who tested and developed the warnings for and/or developed the manual for the 2010 Dodge Charger which is the subject matter of this lawsuit; Fictitious Defendant "C", that person, corporation or other legal entity whose negligence or other wrongful conduct combined and concurred to cause the injuries as alleged herein; all of said fictitious parties are unknown to Plaintiff at this time but will be substituted by amendment when ascertained, <br><br> Defendants. | CASE NO. _____ |

### PLAINTIFF'S COMPLAINT

### Parties

1.  Plaintiff Chiquita Vinson is over the age of 19 years and is a resident of the state of Alabama. Plaintiff is the natural mother of Tocarious johnson and has been appointed as the Administrator of his Estate.

2.      Plaintiff's decedent, Tocarious Johnson, was the age of majority and was a resident of the state of Alabama.

3.      Defendant FCA US, LLC f/k/a Chrysler Group LLC (hereinafter referred to as "Chrysler" or "FCA") is a foreign corporation doing business in the state of Alabama. Defendant Chrysler's principal place of business is in Auburn Hills, Oakland County, Michigan. Defendant Chrysler is subject to the jurisdiction of this Court because it transacts business in this state and maintains a registered agent in Montgomery County, Alabama. Chrysler may be served by service of process on its agent: C T Corporation System, 2 North Jackson St., Suite 605, Montgomery, AL 36104.

4.      Defendant Auto Funding Group, LLC d/b/a 2nd Choice Auto Sales (hereinafter referred to as "2nd Choice Auto Sales") is a domestic corporation with its principal place of business in Montgomery, Montgomery County, Alabama. 2nd Choice Auto Sales may be served by service of process on its agent: Tony Richards, 2828 E. South Blvd., Montgomery, AL 36116.

5.      Fictitious Defendant "A" is that person, corporation or other legal entity who or which designed, engineered, tested, manufactured, marketed and distributed the 2010 Dodge Charger which is the subject matter of this lawsuit.

6.      Fictitious Defendant "B" is that person, corporation or other legal entity who tested and developed the warnings for and/or developed the manual for the 2010 Dodge Charger which is the subject matter of this lawsuit.

7.      Fictitious Defendant "C" is that person, corporation or other legal entity whose negligence, wantonness or other wrongful conduct combined and concurred with the conduct of the Defendants herein to cause the death of Tocarious Johnson.

8.      All of said fictitious parties are unknown to Plaintiff at this time but will be substituted by amendment when ascertained.

9.      Venue in this action is proper pursuant to Ala. Code (1975) §6-3-7(a) in that the accident occurred in Montgomery County; 2nd Chance Auto Sales's principal place of business is in Montgomery County Plaintiffs; and FCA does business by registered agent in Montgomery County.

## Statement of the Facts

10.     On or about June 6, 2022, Tocarious Johnson was the driver of a 2010 Dodge Charger bearing vehicle identification number 2B3AA4CT5AH117537.  Plaintiff Johnson was operating his vehicle westbound on Piedmont Drive in Montgomery County, Alabama when his vehicle exited the roadway on the lefthand side for unknown reasons, and a wreck ensued.

11.     At the time of the collision, the vehicle was being used as intended and Tocarious Johnson was properly belted.

12.     During the collision, Plaintiff Johnson's occupant protection system, including his driver's-side airbag, deployed but failed to perform in a reasonably safe manner.

13.     When the driver's-side airbag deployed, instead of protecting Plaintiff Johnson from injury in the event of a collision, the inflator ruptured violently, much like a hand grenade, shooting shrapnel from the metal inflator towards Plaintiff Johnson.

14.     The subject defect resulted in an airbag system that failed to prevent Plaintiff's injuries, and in fact increased or enhanced his injuries above and beyond what he would have otherwise suffered had the airbag system not deployed.

15.     At the time of the collision, the driver's-side airbag system, specifically the inflator, did not function properly.  As a result of the failure of the driver's-side airbag system, Plaintiff

suffered severe injuries which resulted in his death.

16.     Defendant Chrysler researched, developed, designed, industrialized, manufactured, assembled, inspected, tested, marketed, distributed, sold, learned of dangers, and placed into the stream of commerce the subject 2010 Dodge Charger involved in the crash at issue.

17.     The Plaintiff's 2010 Dodge Charger is equipped with a Takata PSDI-4 (Programmable Smokeless Driver's Inflator) which is a dual stage inflator that utilizes what is referred to as PSAN (Phase Stabilized Ammonium Nitrate) propellant.

18.     Chrysler was aware that the PSDI-4 inflator utilizes Takata's PSAN (Phase Stabilized Ammonium Nitrate) propellant. Chrysler was aware that ammonium nitrate-based propellant is susceptible to moisture and thermal cycling which results in the propellant burning more rapidly.

19.     Chrysler provided Takata with the design requirements and specifications of the Dodge Charger PSDI-4 inflator and module assembly.

20.     Chrysler participated in and reviewed the development process of the module assembly for the 2010 Dodge Charger.

21.     As a direct and proximate result of the aforesaid wrongful, negligent, and/or wanton conduct of Defendant, Plaintiff Johnson was killed.

## COUNT I
## (AEMLD - FCA)

22.     Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

23.     Plaintiff contends that the 2010 Dodge Charger and its component parts were designed, manufactured, distributed, marketed, sold, or otherwise placed into the stream of commerce by Defendant Chrysler.

4

24.     Defendant substantially participated in the design, manufacture, testing, marketing, inspection, reporting, and distribution of subject airbag system and its integration into the subject vehicle.

25.     The defective condition of the airbag system made the basis of this suit was a proximate cause of Tocarious Johnson's injuries and renders Defendant liable pursuant to the Alabama Extended Manufacturer's Liability Doctrine.  The defects in the subject airbag system include, but are not limited to, the following:

a.     The airbag system design, approved, manufacture, testing, marketing, and integration into the 2010 Dodge Charger represents an unreasonable risk of injury or death;

b.     The vehicle's driver's-side airbag system was subject to unreasonable risk of producing excessive internal pressure upon deployment, thereby causing metal fragments to pass through the airbag cushion material during a foreseeable deployment that could result in serious injuries or death. Among other defects, the propellant used in the subject airbag was subject to degradation;

c.     The airbag system does not contain, and is not accompanied by, warnings to prospective owners, users or occupants, including Plaintiff in this case, of the unreasonable risk of physical harm associated with the negligent and defective design, manufacture and integration into the vehicle of the subject airbag system occasioned by risk of injury and death; nor did Defendant Chrysler warn of the dangers and defects of the airbag inflator after learning of its danger and deadly characteristics;

d.     The vehicle was not adequately tested by Defendant to determine whether prospective owners, users and occupants would be exposed to an unreasonable risk of physical harm caused by the abnormal deployment of the driver's-side airbag;

e.    Defendant knew, or should have known, from information it received that the defects in the 2010 Dodge Charger's driver's-side airbag system would in fact increase the risk of injury in foreseeable operating conditions; and

f.    Defendant knew, or should have known, from information it received that the chosen design and integration of this airbag system design into the 2010 Dodge Charger increased the risk of injury in foreseeable operating conditions. Defendant acted with reckless disregard for the safety and well-being of the consumer public, and acted willfully and wantonly in designing, testing, manufacturing, inspecting, marketing, and distributing the subject airbag system because it had knowledge of the risk of injury and death described in this Complaint when it manufactured, marketed, distributed and sold the system.

26.    The airbag system failed to perform as expected by consumers or users.

27.    The subject airbag system was defective and unreasonably dangerous in its design, manufacture and the warnings that accompany the vehicle.

28.    The above defects existed at the time the product left the Defendant's control.

29.    As a proximate consequence of the defects in the airbag system, Tocarious Johnson suffered serious injuries when metal shrapnel from the airbag contacted his body during the collision. Mr. Johnson subsequently died from these injuries.

30.    Alternative designs existed for frontal airbag systems, which were safer, more practical, and were both economically and technologically feasible that would have prevented Plaintiff's injuries. The likelihood that the product's design would cause the Plaintiff's injuries and the gravity of damage outweighed the burden on Defendant of adopting such alternative design and the adverse effect on the utility of the product. The conduct of the Defendant bringing rise to this cause of action arise out of conduct which manifests a willful, reckless and wanton disregard

for life. The defects in designing, testing, manufacturing, inspecting, marketing, distributing, and selling subject airbag system proximately caused Plaintiff to suffer fatal injuries.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for damages allowable under the Alabama Wrongful Death Act in an amount to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding.

## COUNT II
## (NEGLIGENCE - FCA)

31.    Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

32.    Defendant, as a product designer, manufacturer, and distributor, owed a duty to the consuming public in general, and Plaintiff in particular, to exercise reasonable care to design, test, manufacturer, inspect, market, integrate into the vehicle and distribute a product which was free of unreasonable risk of harm to owners, users, and occupants in foreseeable situations and a product which would not cause or allow severe injury to users and occupants.

33.    Defendant breached its duty to exercise reasonable care to design, test, manufacture, recall, warn, inspect, market, distribute, integrate into the vehicle and sell the subject airbag system free of an unreasonable risk of physical harm to prospective owners, users, and occupants, including Plaintiff.  Defendant breached its duty of care in a number of ways, including but not limited to the following:

a.    The airbag system design, manufacture, testing, marketing, and integration into the 2010 Dodge Charger represent an unreasonable risk of injury or death;

b.    The vehicle's driver's side airbag system was subject to unreasonable risk of producing excessive internal pressure upon deployment, thereby causing metal fragments to pass through the airbag cushion material during a foreseeable deployment that

7

could result in serious injuries or death; nor did Defendant warn of the dangers and defects of the airbag inflator after learning of its danger and deadly characteristics;

c.      The airbag system does not contain, and is not accompanied by, warnings to prospective owners, users or occupants, including Plaintiff in this case, of the unreasonable risk of physical harm associated with the negligent and defective design, manufacture and integration into the vehicle of the subject airbag system occasioned by risk of injury and death;

d.      The vehicle was not adequately tested by Defendant to determine whether prospective owners, users and occupants would be exposed to an unreasonable risk of physical harm caused by the abnormal deployment of the driver's side airbag;

e.      Defendant knew, or should have known, from information it received that the defects in the 2010 Dodge Charger's driver's side airbag system would in fact increase the risk of injury in foreseeable operating conditions; and

f.      Defendant knew, or should have known, from information it received that the chosen design and integration of this airbag system design into the 2010 Dodge Charger increased the risk of injury in foreseeable operating conditions. Defendant acted with reckless disregard for the safety and well-being of the consumer public, and acted willfully and wantonly in designing, testing, manufacturing, inspecting, marketing, and distributing the subject airbag system because it had knowledge of the risk of injury and death described in this Complaint when it manufactured, marketed, distributed and sold the system.

34.      Defendant's negligence in designing, manufacturing, testing, warning, promoting and selling the subject airbag system was so egregious that it rises to the level of reckless disregard for the safety and well-being of the consuming public, and constitutes willful and wanton conduct

in designing, testing, manufacturing, inspecting, marketing, and distributing the subject airbag system because it had knowledge of the risk of injury and death described in this Complaint when it manufactured, marketed, distributed and sold the airbag system.

35.    Defendant's failure to exercise reasonable care in designing, testing, manufacturing, inspecting, marketing, distributing and selling subject airbag system proximately caused Plaintiff to suffer fatal injuries.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for damages allowable under the Alabama Wrongful Death Act in an amount to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding.

### COUNT III
### (WANTONNESS - FCA)

36.    Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

37.    Defendant was wanton in the design, testing, manufacturer, inspection, marketing, distribution, warnings, and integration into the vehicle, the subject airbag system which is the subject matter of this lawsuit.

38.    As a proximate consequence of Defendant's wantonness as alleged herein, Plaintiff suffered fatal injuries.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for damages allowable under the Alabama Wrongful Death Act in an amount to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding.

### COUNT IV
### (NEGLIGENCE AND/OR WANTONNESS – 2ND CHANCE AUTO)

39.    Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

40.     Defendant 2nd Chance Auto was negligent and/or wanton in its identification, remedy or warning of defects and dangers in the subject vehicle, including but not limited to those associated with the driver's side airbag system.  Defendant 2nd Chance Auto sold a vehicle subject to recall to Plaintiff's decedent.

41.     As a direct and proximate result of the negligence and/or wantonness of Defendant 2nd Chance Auto, Tocarious Johnson suffered fatal injuries.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for damages allowable under the Alabama Wrongful Death Act in an amount to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding.

## COUNT V
## (COMBINED AND CONCURRING NEGLIGENCE)

42.     Plaintiff realleges all paragraphs of the Complaint as if set out here in full.

43.     The negligence, wantonness or other wrongful acts of Defendants in this case combined and concurred to cause the injuries and damages as alleged above.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for damages allowable under the Alabama Wrongful Death Act in an amount to be determined by a jury, together with interest from the date of injury, and the costs of this proceeding.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

This the _____ day of _____, 2022.

*s/ Christopher D. Glover* _____
CHRISTOPHER D. GLOVER (GLO007)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com

s/ Stewart E. Vance
STEWART E. VANCE (1766E60S)
Attorney for Plaintiff

OF COUNSEL:

The Vance Law Firm
7079 University Ct.
Montgomery, AL 36117
(334) 333-3333 telephone
svance@thevancelawfirm.com

**Defendants may be served at:**

FCA US LLC
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

Auto Funding Group, LLC
d/b/a 2nd Chance Auto Sales
c/o Tony Richards
2828 E. South Blvd.
Montgomery, AL 36116

ELECTRONICALLY FILED
7/7/2022 9:05 AM
03-CV-2022-900833.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| CHIQUITA VINSON, as Administrator of the Estate of TOCARIOUS JOHNSON, deceased, | * | |
| | * | |
| Plaintiff, | * | CASE NO. _____ |
| | * | |
| VS. | * | |
| | * | |
| FCA US LLC f/k/a CHRYSLER GROUP LLC; AUTO FUNDING GROUP, LLC d/b/a 2ND CHANCE AUTO SALES; and Fictitious Defendant "A", that person, corporation or other legal entity who or which designed, engineered, tested, manufactured, marketed and distributed the 2010 Dodge Charger vehicle or any components thereof which is the subject matter of this lawsuit; Fictitious Defendant "B", that person, corporation or other legal entity who tested and developed the warnings for and/or developed the manual for the 2010 Dodge Charger which is the subject matter of this lawsuit; Fictitious Defendant "C", that person, corporation or other legal entity whose negligence  or other wrongful conduct combined and concurred to cause the injuries as alleged herein; all of said fictitious parties are unknown to Plaintiff at this time but will be substituted by amendment when ascertained, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## FCA US LLC F/K/A CHRYSLER GROUP LLC

## I.

## DIRECTIONS FOR ANSWERING INTERROGATORIES

Plaintiffs in the above-styled action serves these interrogatories upon Defendant FCA US LLC f/k/a Chrysler Group LLC, and requests that they be answered fully in writing and under oath within the time provided by the *Alabama Rules of Civil Procedure*. Each interrogatory is addressed to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and

other representatives.  When a question is directed to Defendant, the question is also directed to the aforementioned persons.

These interrogatories shall be deemed continuing so as to require supplemental answers if the persons or entities to whom these interrogatories are addressed obtain further information between the time the initial answers are served and the time of trial.

## DEFINITIONS AND NOTES

1.      "Incident" means the incident referred to in the Complaint, resulting in the injuries to Plaintiff.

2.      "Document" means every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

3.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

4.      "FCA" or "Defendant" means FCA US LLC f/k/a Chrysler Group LLC and all of its operating divisions and any of FCA's subsidiaries and affiliates, both domestic and foreign.

5.      Plaintiff requests that Defendant FCA not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to any documents produced in connection with these interrogatories so as to obscure any information contained on the documents or copies made therefrom or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

6.      Plaintiff requests that when Defendant FCA supplement these and all future interrogatories, that Defendant do so in formal pleadings.  Conversely, Plaintiff requests that Defendant not supplement these interrogatories via letters or other informal methods.

7.      If in response to Plaintiff's interrogatories, Defendant fails to disclose any facts or other discoverable information and then at a later date discloses such facts or information to Plaintiff,

please state how the existence of these additional facts or information was "discovered" by Defendant, by whom such additional facts or information were "discovered," when such additional facts or information were "discovered," who made the decision to disclose such facts or information to Plaintiff, when that decision was made, and in detail, why such additional facts or information was not disclosed to Plaintiff in Defendant's initial responses.

## INTERROGATORIES

**NOTE A:**     References herein to the "product" or "vehicle" or any derivative or synonym thereof, are to the certain 2010 Dodge Charger, more particularly identified as VIN 2B3AA4CT5AH117537, made the basis of this lawsuit and/or substantially similar model vehicles.

**NOTE B:**     These Interrogatories shall be deemed continuing so as to require supplemental Answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response.  Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.     State the full names, address and telephone numbers of all lay witnesses who have knowledge of any issue involved in this case, and describe the issues to which that lay testimony will relate.

2.     Please state whether you or your counsel, agents, servants, employees, representatives, or others acting on your behalf obtained any oral or written statement from any person purporting to be a witness to any part of the incident in question, or from any person with respect to any other matter, contention or claim involved in this action, and if so, with respect to each, please state the name and address of the person or persons who have custody or control of any such oral or written statement or transcript or summarization of such statement and the name and address of each person giving such oral or written statement.  (Note:  This interrogatory does not seek the content of any such statement).

3.     If any photographs, motion pictures, surveys, charts, plats, drawings or diagrams were made of any persons, place, or places, thing or things, by or on behalf of you or any other person or company for any reason, including litigation testing, please state the following:

(a)     How many photographs or motion pictures were taken, the dates they were taken, and the name, address, job title and present whereabouts of each person who made any such photographs or motion pictures or was present at the time of the making of any such photographs or motion pictures;

(b)     A description of what each photograph or motion picture purports to depict;

(c)     A description of each survey, chart, plat or item made or prepared, describing what each item depicts or purports to depict, the date that each was made or prepared and the

3

name, address, job title, and present whereabouts of each person who made any such survey, chart, plat, or drawing;

(d)     The name and address of the person or persons who now have custody or control of any such photographs, motion pictures, surveys, charts, plats, drawings, diagrams, etc., showing the items in the custody or control of each such person.

4.     Please identify the full text of each internal and external standard or performance objective, criterion or goal, as they relate to frontal airbag performance, including FCA's standards, industry standards, government standards and any other standard (foreign countries, competitors, etc.), and if such standards were not written, then give a detailed description of the standard, objective, criterion or goal.

5.     Please identify each and every department inside FCA and the department head thereof who has authorized, directed, participated, performed, assisted, or analyzed any of the crash tests, calculations or evaluations on the subject vehicle as it relates to tests for frontal airbags.

6.     State the names and addresses of all persons involved in frontal impact design AND testing of the subject Dodge Charger line of vehicles.

7.     State the names and addresses of all persons involved in the marketing of the subject Dodge Charger line of vehicles.

8.     Please state whether this Defendant has done any frontal impact studies on the driver's seating position on the Dodge Charger line of vehicles or any other vehicle.  If so, please state the following:

(a)     the names and addresses of all persons involved in any such studies;

(b)     the names and addresses of all persons having custody or control of the text of the reports of any such studies.

9.     Please fully explain and describe the purpose and benefits of the frontal impact airbag system included on the 2010 Dodge Charger.

10.     Please identify any claim, lawsuit, notice, or other report known to this Defendant concerning injuries or deaths allegedly caused by the failure of a frontal airbag in a similar FCA passenger vehicle for the last 10 years giving for each a detailed description of the incident, including the date and location of the incident, the date you first became aware of the incident, the manner in which you first became aware of the incident and the identity of each person or Plaintiff(s) who was injured, killed or involved in the incident, the attorney for the Plaintiff(s) or claimants, the outcome of each lawsuit, including the amount of any settlement or judgement, and give a verbatim account of the allegations in the complaint or other document which constituted your knowledge of the incident, and identify the person most knowledgeable about Defendant's answer to this interrogatory.

11.     If any of this Defendant's similar passenger vehicles have ever been the subject of a governmental investigation or inquiry with regard to the possibility of lack of crashworthiness or the possibility of failure of airbags, please state:

       (a)     the name or description of the governmental agency which initiated any such inquiry or investigation;

       (b)     describe any identifying number relating to any such inquiry or investigation.

12.     State whether this Defendant contends that the actions of any other party contributed to or caused in any way the injuries to Tocarious Johnson in this incident.  If so, please state in detail each act that you contend contributed to or caused the injuries of Tocarious Johnson.

13.     State the name of each corporation or entity other than FCA that had overall responsibility for the design, testing or manufacture of the Dodge Charger driver's side frontal airbag system or its component parts, as well as the date and place of manufacture of the subject vehicle and the date it left the hands of this Defendant or any other entity.

14.     Please identify the engineer(s) who was chiefly responsible for the design, evaluation and testing of the driver's side frontal airbag system in the Dodge Charger, as well as any engineer who analyzed the airbag system and airbag system failures in the real world.  For each such engineer, describe in detail his/her duties and responsibilities and the results of his/her work as it relates to this interrogatory.

15.     Please state whether any version of the Dodge Charger prior to the 2010 model year had a driver's side frontal airbag system that differed in any respect than that of the 2010 model year. If so, please list all such model years and the differences in the driver's side frontal airbag system.

16.     Please give a detailed description of each modification, as it relates to the driver's side frontal airbag system, that you or anyone else considered, studied or actually incorporated into the Dodge Charger regarding the design of the vehicle, including the dates you considered such modification, the dates each modification was incorporated into the Dodge Charger participated in the discussion or consideration of such modification, the identity of each person and legal entity who may have knowledge of such modification, and the identity of the person most knowledgeable about such modifications.

17.     Please describe by year, model, and vehicle type, all FCA vehicles which used frontal airbag systems similar to those on the subject Dodge Charger and, with respect to such other vehicles, describe the ways in which the airbag system differed from that used on the subject 2010 Dodge Charger if any.

18.     Please state whether any version of the Dodge Charger subsequent to the 2010 model year had a driver's side frontal airbag system that differed in any respect than that of the 2010 model year.  If so, please list all such model years and the differences in the driver's side frontal airbag system.

19.     Please explain and fully describe the performance criteria for deployment of the subject 2010 Dodge Charger driver's side frontal airbag system, including the type, location and severity of collisions that warrant frontal bag deployment.

20.     State the names and addresses of all persons or entities that performed safety engineering analyses on the driver's side frontal airbag system of the 2010 Dodge Charger, all of its predecessor and subsequent airbag systems for that model car.

21.     Identify by full name, address and telephone number each person whom you expect to call as an expert witness at the trial of this case and, as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

22.     Is this Defendant insured for this claim?  If so, list all applicable insurance coverage including the names of each insurance carrier, whether the carrier is a mutual company or a stock company and the applicable limits and retention amounts.

This the _____ day of _____, 2022.

*s/ Christopher D. Glover*
CHRISTOPHER D. GLOVER (GLO007)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com

*s/ Stewart E. Vance*
STEWART E. VANCE (1766E60S)
Attorney for Plaintiff

OF COUNSEL:

The Vance Law Firm
7079 University Ct.
Montgomery, AL 36117
(334) 333-3333 telephone
svance@thevancelawfirm.com

ELECTRONICALLY FILED
7/7/2022 9:05 AM
03-CV-2022-900833.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF
# MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| CHIQUITA VINSON, as Administrator of the Estate of TOCARIOUS JOHNSON, deceased, | * * * * | |
| Plaintiff, | * | CASE NO. _____ |
| | * | |
| VS. | * * | |
| FCA US LLC f/k/a CHRYSLER GROUP LLC; AUTO FUNDING GROUP, LLC d/b/a 2ND CHANCE AUTO SALES; and Fictitious Defendant "A", that person, corporation or other legal entity who or which designed, engineered, tested, manufactured, marketed and distributed the 2010 Dodge Charger vehicle or any components thereof which is the subject matter of this lawsuit; Fictitious Defendant "B", that person, corporation or other legal entity who tested and developed the warnings for and/or developed the manual for the 2010 Dodge Charger which is the subject matter of this lawsuit; Fictitious Defendant "C", that person, corporation or other legal entity whose negligence  or other wrongful conduct combined and concurred to cause the injuries as alleged herein; all of said fictitious parties are unknown to Plaintiff at this time but will be substituted by amendment when ascertained, | * * * * * * * * * * * * * * * * * * * * | FILED JUL - 7 2022 |
| Defendants. | * | |

## PLAINTIFF'S FIRST INTERROGATORIES & REQUEST FOR PRODUCTION TO DEFENDANT AUTO FUNDING GROUP, LLC D/B/A 2ND CHANCE AUTO SALES

## I.
## DIRECTIONS FOR ANSWERING INTERROGATORIES & REQUESTS FOR PRODUCTION

The Plaintiff in the above-styled action serve these interrogatories and requests for production upon Defendant Auto Funding Group, LLC d/b/a 2nd Chance Auto Sales, and requests that they be answered fully in writing and under oath within the time provided by the *Alabama*

*Rules of Civil Procedure.*  Each request is addressed to the knowledge and information of Defendant's attorneys, investigators, agents, employees, and other representatives.  When a question is directed to Defendant, the question is also directed to the aforementioned persons.

These requests shall be deemed continuing so as to require supplemental answers if the persons or entities to whom these requests are addressed obtain further information between the time the initial answers are served and the time of trial.

## INTERROGATORIES

1.     Please state the correct corporate name of this Defendant.

2.     Did this Defendant sell the vehicle which is the subject matter of this lawsuit?

3.     Identify by full name, address and telephone number each person whom you expect to call as an expert witness in the trial of this case, and as to each expert so identified, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of grounds for each opinion.

4.     State each step in the process of the sale and delivery of the subject vehicle to the Plaintiff, including the name and current address of all persons who had contact with the Plaintiff.

5.     At the time the subject vehicle was sold, please state the odometer reading and name of the person who handled the sale.

6.     Please state any and all modifications made to the subject vehicle while in the hands of this Defendant.

7.     List each employee of this Defendant who had any dealings with the purchasers related to the subject vehicle.

8.     Please give all details of the history of this vehicle including:

    (a)     date this Defendant received it;
    (b)     from whom the vehicle was received;
    (c)     any special order items for the vehicle;
    (d)     who used the vehicle prior to sale to the Plaintiff;
    (e)     describe any damage to or alteration to the vehicle prior to sale to Plaintiff.

9.     Describe all warranty or service work performed at any time on the subject vehicle.

10.     Please state the name and address of any and all insurance carriers that may provide coverage for the allegations alleged in the complaint and include in your answer the name(s) of any excess carriers.

11.     Please state the amount of coverage under each and every liability insurance policy, including all excess and umbrella liability coverage that may provide coverage for the allegations alleged in the complaint.  For each carrier, please state the following:

      (a)     The policy limits on each such policy.
      (b)     The name of the insured of each such policy.

12..     Do you contend that Plaintiff did anything to contribute to cause this incident?  If so, list each such contention and list all evidence you have, or have knowledge of, which you claim supports your contention.

13.     Please describe how the incident made the basis of this action occurred.

14.     Please state the name of any entity that performed maintenance on the subject vehicle, or on any part, component, piece, assembly, or system of the vehicle in question, at any time.  Include with your response the dates of the maintenance and the maintenance performed.

15.     State the relationship between this Defendant and any other Defendant named in this action.

16.     Describe all warranty, modification, or service work performed at any time on the subject vehicle.

17.     State whether this Defendant has or knows of any photographs, videotapes, or motion pictures of persons or vehicles involved in or of the site of the occurrence made the basis of this suit. If so, described each photograph, videotape, or motion picture, state when it was taken, and the name, address, and job description of the person who has possession, custody, or control of each respective photograph, videotape or motion picture.

18.     List any and all forms of demonstrative evidence or documents which this Defendant may introduce into evidence or otherwise use in any manner in the course of the trial of this case.

19.     State the full name and address of every witness known to you, or to your attorney, who has any knowledge regarding the facts and circumstances surrounding the happening of the incident referred to in the complaint including, but not limited to, eyewitnesses to such event.

20.     State the full name and address of each witness that you expect to call at the trial of this case.

## REQUEST FOR PRODUCTION

1.      A certified copy of any and all liability insurance policies, including all umbrella and excess policies, which covered you and your vehicle on the date of this incident, including the declaration sheet of each said policy.

2.      A copy of the declaration sheet for any liability insurance policy that provides coverage for this incident, including all excess and umbrella liability policies.

3.      A copy of any and all photographs and/or videos relating to the subject accident.

4.      State the name, address and provide a current curriculum vitae for each and every expert witness you anticipate calling to the trial of this action and for each expert provide the following:

     a.      A copy of each and every document relied upon by expert.
     b.      A copy of each and every report prepared by each expert.
     c.      A copy of each and every document provided to each expert.
     d.      A summary of each opinion which each expert intends to offer in this case.
     e.      A copy of each and every document which forms or supports the basis of each expert's opinions.

5.      All documents regarding any service, modifications or maintenance performed on the subject vehicle, or on any part, component, piece, assembly, or system of the vehicle in question, at any time.

6.      All records, documents, or materials obtained through a subpoena or third-party discovery.

7.      Please produce the Articles of Incorporation for this Defendant.

8.      Please produce any and all marketing documents, brochures and videotapes for the Jeep Wrangler.

9.      Produce copies of any photographs or motion pictures of the persons, places, or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence, the product involved in said occurrence and the manufacturing process of said product or similar products.

10.     Produce a copy of each and every investigation document and report made by or for this Defendant or in this Defendant's possession, pertaining to or addressing in any way the occurrence made the basis of this lawsuit.

11.     Produce copies of any and all brochures, pamphlets, or other printed material pertaining to the product involved in this suit, including any such materials containing warnings concerning the possibility of injury resulting from the use of the product referred to in the complaint,

or other similar products. This should include, but is not limited to, copies of any and all operator's manuals, maintenance manuals or other written directions which were provided with and accompanied the product involved.

    12.    Produce all documents associated with the sale and purchase of the subject vehicle.

    13.    Produce all documents provided to the purchaser of the subject vehicle.

    14.    Produce a copy of any and all maintenance records, repair records, modification records, warranty records, or documents of any type pertaining to, growing out of or involving in any way repairs, modifications or maintenance carried out on the product involved in the occurrence made the basis of this suit at any time, whether prior to or subsequent to the occurrence made the basis of this suit.

    This the _____ day of _____, 2022.

                           *s/ Christopher D. Glover*_____
                            CHRISTOPHER D. GLOVER (GLO007)
                            Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com

                            *s/ Stewart E. Vance*_____
                            STEWART E. VANCE (1766E60S)
                            Attorney for Plaintiff

OF COUNSEL:

The Vance Law Firm
7079 University Ct.
Montgomery, AL 36117
(334) 333-3333 telephone
svance@thevancelawfirm.com



AlaFile E-Notice

03-CV-2022-900833.00

To:  GLOVER CHRISTOPHER DEAN
      CHRIS.GLOVER@BEASLEYALLEN.COM

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following complaint was FILED on 7/8/2022 9:14:34 AM

Notice Date:      7/8/2022 9:14:34 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900833.00

To:  FCA US LLC FKA CHRYSLER GROUP LLC
C/O CT CORPORATION SYS
2 N JACKSON ST STE 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following complaint was FILED on 7/8/2022 9:14:34 AM

Notice Date:     7/8/2022 9:14:34 AM

Service by sheriff in 03 - MONTGOMERY County

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900833.00

To:  AUTO FUNDING GROUP LLC DBA 2ND CHANCE AUTO SALES
     C/O TONY RICHARDS
     2828 E SOUTH BLVD
     MONTGOMERY, AL, 36116

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following complaint was FILED on 7/8/2022 9:14:34 AM

Notice Date:     7/8/2022 9:14:34 AM

Service by sheriff in 03 - MONTGOMERY County

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
7/7/2022 9:05 AM
03-CV-2022-900833.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| CHIQUITA VINSON, as Administrator<br>of the Estate of TOCARIOUS JOHNSON,<br>deceased,<br><br>     Plaintiff,<br><br>VS.<br><br>FCA US LLC f/k/a CHRYSLER GROUP LLC;<br>AUTO FUNDING GROUP, LLC d/b/a 2ND<br>CHANCE AUTO SALES; and Fictitious<br>Defendant "A", that person, corporation or<br>other legal entity who or which designed,<br>engineered, tested, manufactured, marketed and<br>distributed the 2010 Dodge Charger vehicle or<br>any components thereof which is the subject<br>matter of this lawsuit; Fictitious Defendant<br>"B", that person, corporation or other legal<br>entity who tested and developed the warnings for<br>and/or developed the manual for the 2010 Dodge<br>Charger which is the subject matter of this<br>lawsuit; Fictitious Defendant "C", that person,<br>corporation or other legal entity whose<br>negligence  or other wrongful conduct combined<br>and concurred to cause the injuries as alleged<br>herein; all of said fictitious parties are unknown<br>to Plaintiff at this time but will be substituted by<br>amendment when ascertained,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   CASE NO. _____<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT
## FCA US LLC F/K/A CHRYSLER GROUP LLC

## I.

## DIRECTIONS FOR ANSWERING REQUESTS FOR PRODUCTION

    Plaintiffs in the above-styled action serves these requests for production upon Defendant FCA US LLC f/k/a Chrysler Group LLC ("FCA"), and requests that they be answered fully in writing and under oath within the time provided by the *Alabama Rules of Civil Procedure*. Each interrogatory is addressed to the knowledge and information of Defendant's attorneys,

investigators, agents, employees, and other representatives. When a question is directed to Defendant, the question is also directed to the aforementioned persons.

These requests shall be deemed continuing so as to require supplemental answers if the persons or entities to whom these interrogatories are addressed obtain further information between the time the initial answers are served and the time of trial.

## DEFINITIONS AND NOTES

1.      "Incident" means the incident referred to in the Complaint, resulting in the injuries to Plaintiff.

2.      "Document" means every writing, printing, **electronically stored data, electronically communicated data, email, database,** record, graphic, photographic or sound reproduction of every type and description that is in your possession, control, custody and knowledge which refers to or was prepared before, during, and after the incident or search defined below, including but not limited to, correspondence, memoranda of agreements, assignments, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, floppy or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, pictures, voice recordings; every copy of such writing or record when such copy contains any commentary or notation whatsoever that does not appear on the original. Plaintiff expressly intends for the term "Document" to include any attachments or exhibits to the requested document, or any other documents referred to in the requested document or incorporated by reference.

3.      "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

4.      "FCA" or "Defendant" means FCA US LLC f/k/a Chrysler Group LLC and all of its operating divisions and any of FCA's subsidiaries and affiliates, both domestic and foreign.

5.      Plaintiff requests that Defendant FCA not apply any stamp or markings or other document management numbers, symbols, or colored inking or striping to any documents produced in connection with these interrogatories so as to obscure any information contained on the documents or copies made therefrom or to interfere with character recognition software, thus preserving the legibility of all such documents and copies in their entirety.

6.      Plaintiff requests that when Defendant FCA supplements these and all future requests, that Defendant do so in formal pleadings. Conversely, Plaintiff requests that Defendant not supplement these requests via letters or other informal methods.

7.      If in response to Plaintiff's requests, Defendant fails to disclose any facts or other discoverable information and then at a later date discloses such facts or information to Plaintiff, please state how the existence of these additional facts or information was "discovered" by Defendant, by whom such additional facts or information were "discovered," when such additional facts or information were "discovered," who made the decision to disclose such facts or information to Plaintiff, when that decision was made, and in detail, why such additional facts or information was not disclosed to Plaintiff in Defendant's initial responses.

## REQUESTS FOR PRODUCTION

**NOTE A:**      References herein to the "product" or "vehicle" or any derivative or synonym thereof, are to the certain 2010 Dodge Charger, more particularly identified as VIN 2B3AA4CT5AH117537, made the basis of this lawsuit and/or substantially similar model vehicles.

**NOTE B:**      These requests shall be deemed continuing so as to require supplemental Answers upon receipt of additional information by this Defendant or this Defendant's attorney subsequent to your original response.  Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from receipt of such additional information but not later than the first of the trial of this case.

1.      Please produce any and all photographs, motion pictures, videotapes, surveys, charts, plats, drawings or diagrams that were made of any persons, place or places, thing or things, by or on behalf of you or any other person or company in connection with this case.

2.      Please produce all marketing plans, advertising brochures, marketing documents, marketing memos, emails on marketing, videotapes, commercial spots, promotional literature, catalogs, and media advertisements used by or on behalf of Defendant in marketing the subject vehicle to consumers that in any way discuss the safety of the vehicle or the frontal airbag system.

3.      Please produce copies of all documents, including but not limited to all brochures, emails, FMEA's, videotapes, safety literature, technical bulletins, warnings, or notices which concern the crashworthiness of the subject vehicle for frontal impacts, including those which were sent to FCA dealers or distributors by FCA or its employees, consultants or agents.

4.      Produce each and every frontal impact crash test for the Dodge Charger, including not only the final test report and attachments themselves, but the test request forms, test orders and all attachments, any interim studies on the conduct or results of the crash test, any summaries or reviews or engineering analysis of one or a series of tests, and the crash test log outdoor ledger, crash test log, and computer printouts for the produced crash tests of the Dodge Charger line of vehicles.

5.      Please produce copies of documents from FCA engineering, from the FCA parts and service group, or from any FCA department activity, to FCA management, FCA dealers or other FCA departments or component part manufacturers, with information concerning the frontal airbag system.

6.     Please produce copies of documents, memos, or the minutes of the meetings of any engineering policy group or product policy group, from 2000 through the present date that related to or in any way discussed the safety, manufacturing quality, and/or field performance of the subject airbag system.

7.     Please produce all field claim reports relating to frontal impact airbag performance and/or failures that were collected by FCA and which were used, or reviewed by any of the committees, boards or groups, as a reference base, information source, and/or data base.

8.     Please produce clear and legible copies of all engineering written or field reports and visual testing reports of Dodge Charger frontal impact airbag systems.

9.     Please produce any and all documents, including but not limited to reports, meeting minutes, memoranda and studies prepared by, for, or which involve the performance criteria for frontal impact airbag systems.

10.    Please produce any and all documents, including but not limited to reports, meeting minutes, memoranda and studies prepared by, for, or which involve the frontal impact airbag system in the Dodge Charger or similar vehicles (this includes the FMEA documents for the frontal impact airbag system).

11.    Please produce any and all documents, including but not limited to reports, meeting minutes, memoranda and studies prepared by, for, or which involve the failure or potential failure of frontal impact airbag systems.

12.    Please produce clear and legible copies of all safety related crashworthiness defects that have been reported to the National Highway Traffic and Safety Administration ("NHTSA") for the subject vehicle.

13.    Please produce clear and legible copies of all laboratory tests reports or proving ground test reports of all tests conducted by FCA, or by any outside contractor for evaluating crashworthiness and occupant kinetics of the Dodge Charger in frontal impacts.

14.    Produce clear and legible copies of the Engineering Specifications and performance criteria for the frontal impact airbag system used in the subject vehicle.

15.    Produce all design documents, including drawings, testing, owner's manuals, and marketing materials for any previous version of a frontal impact airbag that was used prior to 2010 on a Dodge Charger vehicle.

16.    Produce copies of all lawsuits, electronic records, emails, complaints, consumer letters, incident reports, or any other documents in which some person, plaintiff, complainant, or entity alleges any failure of a frontal airbag in the subject line of vehicles or vehicles with similar airbags, whether injury did or did not occur.

17.     Please produce copies of all documents in Defendant's possession showing the National Accident Sampling System's ("NASS") data or Fatal Accident Reporting System's ("FARS") on the number of occupant injury or death relating to frontal airbag systems involving any version of the subject vehicle.

18.     Please produce copies of any and all results of any and all sled tests performed for or on any version of the subject vehicle and copies of any occupant trajectory drawings made in connection with any tests performed on the same.

19.     Please produce the computer simulation software used by FCA in testing the performance of the frontal air bag design in the subject vehicle.

20.     Please produce the finite element model for the 2010 Dodge Charger used in simulating frontal impacts and the performance of the Dodge Charger driver side airbag in those impacts.

21.     Please produce the computer model utilized to simulate occupant kinematics in frontal impacts for the Dodge Charger, including those related to the airbag deployment profile.

22.     Please produce the engineering specifications and drawings for the driver side frontal impact air bag inflator system components utilized in the 2010 Dodge Charger.

23.     Please produce the performance requirements for the frontal air bags utilized in the 2010 Dodge Charger.

24.     Please produce all steps, actions, manufacturing process and designs that Takata used to prevent ammonium nitrate-based propellant from being exposed to moisture.

25.     Please produce all documents related to steps in the manufacturing process that can prevent moisture from effecting the propellant, including freeze-drying ammonium nitrate, using pressure release valves, and advanced welding to keep inflators airtight.

26.     Please produce all advertising (television and print) which refers to FCA's commitment, concern or attention to automotive safety.  This is limited to the period of January 1, 2005 to December 31, 2008.

27.     Please produce all steps, actions, manufacturing process and designs that TRW used to prevent ammonium nitrate-based propellant from being exposed to moisture.

28.     Please produce all policy documents, internal memoranda, memorandum, committee minutes, board meeting minutes, marketing materials or sales brochures which refer to FCA's commitment, concern or attention to automotive safety.  This is limited to the period of January 1, 2000 to December 31, 2008.

29.     Please produce all studies performed or reviewed by FCA regarding the occurrence of an airbag inflator rupture with airbag deployment.

30. Please produce any FCA submission to NHTSA and responses from NHTSA regarding the rupture of an PSDI-4 inflator utilizing PSAN, including for airbag inflators in a Dodge Charger vehicle.

31. Please produce the material provided to dealerships to aid them in promoting and selling the 2010 Dodge Charger, including walk-around tapes, product descriptions, sales brochures, catalogs and feature descriptions.

32. Please produce the reports, findings, results and data from each incident that FCA has investigated in which an airbag inflator rupture occurred in a Dodge Charger vehicle.

33. Produce all documents, regardless of the source, in FCA's possession that reflect, discuss, mention or document, the susceptibility of moisture and thermal cycling of ammonium nitrate propellant.

34. Please produce all documents regarding FCA decision to select the Takata PSDI-4 inflator to be used in the Dodge Charger platform.

35. Please produce all data recorded by any digital or electronic recording device on the subject vehicle.

36. Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related to the subject inflator.

37. Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related to the Dodge Charger.

38. Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related to ruptures or failures in Takata airbags.

39. Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related to testing of Takata airbags.

40. Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related to incidents of ruptures failures Takata airbags, including claims and lawsuits involving FCA vehicles.

41 Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related communications, correspondence or documents shared between FCA and Takata or any entity outside of FCA.

42. Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related internal analysis or discussion by FCA, Takata, or any outside entity related to the safety of Takata airbags.

43.     Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related to recalls and the internal decision on recalls on Takata airbags, including those contained in the Dodge Charger.

44.     Please produce all documents produced or obtained in the Takata MDL proceeding in the possession of FCA related to the use of ammonium nitrate in airbag inflators.

45.     Produce all information in FCA's possession, regardless of the source, related to the Takata PSDI-4 (Programmable Smokeless Driver's Inflator).

46.     Produce all information in FCA's possession, regardless of the source, related to the PSAN (Phase Stabilized Ammonium Nitrate) propellant.

47.     Produce all documents and information related to inflator ruptures involving the PSDI 5 that utilizes PSAN propellant.

48.     Produce all documents related to the root cause of failures in PSAN inflators, PSDI-4 airbags, and PSDI-5 airbags.

49.     Please produce a privilege log for all discovery you withheld or objected to based upon a claim of privilege in the Takata MDL.

50.     Please produce all documents for which you claimed privilege under in the Takata MDL.

51.     Produce a list of each expert witness that you expect to call as an expert witness at the trial of this case and state the subject matter on which said expert(s) are expected to testify, including the substance of the facts, opinions and conclusions to which each and every expert is expected to testify in this case.

52.     Produce copies of any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness that you expect to testify at the trial of this case.

53.     A copy of the insurance policy or policies that are providing coverage for the incident that occurred on June 6, 2022, which is the subject matter of this lawsuit.

This the _____ day of _____, 2022.

*s/ Christopher D. Glover*
CHRISTOPHER D. GLOVER (GLO007)
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
Overlook II
2839 Paces Ferry Rd. SE, Suite 400
Atlanta, GA 30339
(404) 751-1162 telephone
(855) 674-1818 facsimile
chris.glover@beasleyallen.com

                                    s/ Stewart E. Vance
                                    STEWART E. VANCE (1766E60S)
                                    Attorney for Plaintiff

OF COUNSEL:

The Vance Law Firm
7079 University Ct.
Montgomery, AL 36117
(334) 333-3333 telephone
svance@thevancelawfirm.com

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-900833.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS

**NOTICE TO:** FCA US LLC FKA CHRYSLER GROUP LLC, C/O CT CORPORATION SYS 2 N JACKSON ST STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GLOVER CHRISTOPHER DEAN

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2839 PACES FERRY RD SE STE 400, ATLANTA, GA 30339 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.                                          *[Name(s)]*

| 07/08/2022 | /s/ GINA J. ISHMAN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*      *(Name of County)*

Alabama on _____ .

*(Date)*

_____  _____  _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____  _____

*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-900833.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS**

**NOTICE TO:** AUTO FUNDING GROUP LLC DBA 2ND CHANCE AUTO SALES, C/O TONY RICHARDS 2828 E SOUTH BLVD, MONTGOMERY, AL 36116

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GLOVER CHRISTOPHER DEAN

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2839 PACES FERRY RD SE STE 400, ATLANTA, GA 30339

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

pursuant to the Alabama Rules of the Civil Procedure.     *[Name(s)]*

| 07/08/2022 | /s/ GINA J. ISHMAN | By: _____ |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested. _____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*   *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     _____

*(Type of Process Server)*   *(Server's Signature)*   *(Address of Server)*

_____     _____

*(Server's Printed Name)*   *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev. 4/2017 | **SUMMONS**<br>**-CIVIL-** | Court Case Number |
|---|---|---|

**IN THE** Circuit **COURT OF** Montgomery **COUNTY, ALABAMA**

*(Circuit, District, or Juvenile)*      *(Name of County)*

| Chiquita Vinson, as Administrator of the Estate of | v. | FCA US LLC f/k/a Chrysler Group, LLC; |
|---|---|---|
| Tocarious Johnson, deceased | | Auto Funding Group, LLC d/b/a 2nd Chance Auto Sales |
| *[Name(s) of Plaintiff(s)]* | | *[Name(s) of Defendant(s)]* |

**NOTICE TO:** FCA US LLC c/o C T Corporation System, 2 North Jackson St., Suite 605, Montgomery, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT   OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE  ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF  YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE  COMPLAINT OR OTHER DOCUMENT, WITH  THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR  YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), Christopher D. Glover                                                                                                        , WHOSE

*[Name(s) of Attorney(s)]*

ADDRESS(ES) IS/ARE:  Overlook II; 2839 Paces Ferry Rd. SE, Suite 400; Atlanta, GA 30339

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS  ANSWER  MUST  BE  MAILED  OR  DELIVERED  WITHIN 30                    DAYS   AFTER  THIS  SUMMONS  AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR  THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

*[Name(s)]*

pursuant to the Alabama Rules of Civil Procedure.

_____     _____ **By:** _____
*(Date)*                                      *(Signature of Clerk)*                       *(Name)*

---

☐ Certified Mail is hereby requested.     _____

*(Plaintiff's/Attorney's  Signature)*

---

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on_____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on_____.

*(Date)*

_____     _____     _____
*(Type of Process Server)*      *(Server's Signature)*                    *(Address of Server)*

_____
*(Server's Printed Name)*      *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br><br>Form C-34          Rev. 4/2017 | **SUMMONS**<br>**-CIVIL-** | Court Case Number |
|---|---|---|

**IN THE** Circuit _____ **COURT OF** Montgomery _____ **COUNTY, ALABAMA**
*(Circuit, District, or Juvenile)*                              *(Name of County)*

Chiquita Vinson, as Administrator of the Estate of    v.    FCA US LLC f/k/a Chrysler Group, LLC;
Tocarious Johnson, deceased            Auto Funding Group, LLC d/b/a 2nd Chance Auto Sales
*[Name(s) of Plaintiff(s)]*           *[Name(s) of Defendant(s)]*

**NOTICE TO:** Auto Funding Group, LLC d/b/a 2nd Chance Auto Sales c/o Tony Richards; 2828 E. South Blvd.
Montgomery, AL 36116      *(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), Christopher D. Glover _____, WHOSE
*[Name(s) of Attorney(s)]*

ADDRESS(ES) IS/ARE: Overlook II; 2839 Paces Ferry Rd. SE, Suite 400; Atlanta, GA 30339 _____

_____.
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 _____ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

---

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☑ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
*[Name(s)]*

pursuant to the Alabama Rules of Civil Procedure.

_____        _____ **By:** _____
*(Date)*           *(Signature of Clerk)*        *(Name)*

---

☐ Certified Mail is hereby requested.     _____
*(Plaintiff's/Attorney's Signature)*

---

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on_____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____County,
*(Name of Person Served)*           *(Name of County)*

Alabama on_____.
*(Date)*

_____    _____    _____
*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

              _____    _____
              *(Server's Printed Name)*     *(Phone Number of Server)*

**ALABAMA JUDICIAL DATA CENTER**
**COURT PAYMENT SYSTEM**

MONTGOMERY COUNTY                    **RECEIPT NUMBER: 112958**
DATE OF RECEIPT: 07/08/2022  TIME: 09:16:20
RECEIPT FOR CASE: CV 2022 900833 00        BATCH: 2022199
RECEIVED FROM: VINSON CHIQUITA  ,AS ADMIN. OF


CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS

ACCOUNTS RECEIPTED:
    CV00                                $201.00
    JDMD                                $100.00
    SERA                                 $10.00
    SERV                                 $60.00
    VADM                                 $45.00

RECEIVED BY: HEE        CHECK AMOUNT        $416.00

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-900833.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA
### CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS

**NOTICE TO:** AUTO FUNDING GROUP LLC DBA 2ND CHANCE AUTO SALES, C/O TONY RICHARDS 2828 E SOUTH BLVD, MONTGOMERY, AL 36116

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), GLOVER CHRISTOPHER DEAN

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2839 PACES FERRY RD SE STE 400, ATLANTA, GA 30339

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**

03CV202290083300

- ☑ You are hereby cc ... this action upon th
- ☐ Service by certified ... pursuant to the Ala UTO FUNDING GROUP LL        Wit

aint or other document in

of

07/08/20___         /S/ GINA J. ISHMAN
*(Date)*                      *(Signature of Clerk)*

JUL 1 4 2022

- ☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☑ I certify that I personally delivered a copy of this Summons and Complaint or other document to 2ⁿᵈ Chance Auto Sales ℅ Sean Richards in Montgomery County,

*(Name of Person Served)*                *(Name of County)*

Alabama on 7/13/22 .

*(Date)*

Cpl                    J Krzemneki
*(Type of Process Server)*      *(Server's Signature)*

*(Address of Server)*

*(Server's Printed Name)*               *(Phone Number of Server)*

## 03-CV-2022-900833.00
### CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS

| C001 - CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF v. TO | D002 - AUTO FUNDING GROUP LLC DBA 2ND CHANCE AUTO SALES |
| --- | --- |
| *(Plaintiff)* | *(Defendant)* |

**SERVICE RETURN COPY**



AlaFile E-Notice

03-CV-2022-900833.00

Judge: JIMMY B POOL

To:  GLOVER CHRISTOPHER DEAN
     chris.glover@beasleyallen.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following RECEIPT was FILED on 7/8/2022 9:21:10 AM

Notice Date:      7/8/2022 9:21:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900833.00

Judge: JIMMY B POOL

To:  VANCE STEWART EARL
     svance@thevancelawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following RECEIPT was FILED on 7/8/2022 9:21:10 AM

Notice Date:    7/8/2022 9:21:10 AM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900833.00

Judge: JIMMY B POOL

To:  GLOVER CHRISTOPHER DEAN
chris.glover@beasleyallen.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following matter was served on 7/13/2022

**D002 AUTO FUNDING GROUP LLC DBA 2ND CHANCE AUTO SALES**

**Corresponding To**

SERVED PERSONALLY

AUTO SALES C/O SEAN RICHARDSON

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

03-CV-2022-900833.00

Judge: JIMMY B POOL

To:   VANCE STEWART EARL
      svance@thevancelawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following matter was served on 7/13/2022

**D002 AUTO FUNDING GROUP LLC DBA 2ND CHANCE AUTO SALES**

**Corresponding To**

SERVED PERSONALLY

AUTO SALES C/O SEAN RICHARDSON

GINA J. ISHMAN

CIRCUIT COURT CLERK

MONTGOMERY COUNTY, ALABAMA

251 S. LAWRENCE STREET

MONTGOMERY, AL, 36104

334-832-1260

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>03-CV-2022-900833.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS**

**NOTICE TO:** FCA US LLC FKA CHRYSLER GROUP LLC, C/O CT CORPORATION SYS 2 N JACKSON ST STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
GLOVER CHRISTOPHER DEAN

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2839 PACES FERRY RD SE STE 400, ATLANTA, GA 30339

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**

03CV202290083300

☑ You are hereby comm[                    ]t or other document in
this action upon the a[                    ]

☐ Service by certified m[                    ]   *[Name(s)]*
pursuant to the Alaba   FCA US LLC          Def

| 07/08/2022 | /S/ GINA J. ISHMAN | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☐ Certified Mail is hereby requested.

*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

JUL 15 2022

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to
FCA US LLC in Montgomery County,
*(Name of Person Served)*   *(Name of County)*

Alabama on 7/14/22 .
*(Date)*

DS
*(Type of Process Server)*   *(Server's Signature)*

D. EASTERLIN
*(Server's Printed Name)*   *(Address of Server)*

*(Phone Number of Server)*

**03-CV-2022-900833.00**
CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS

| C001 - CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF<br>TO | v. | D001 - FCA US LLC FKA CHRYSLER GROUP LLC |
|---|---|---|
| *(Plaintiff)* | | *(Defendant)* |

**SERVICE RETURN COPY**



**AlaFile E-Notice**

03-CV-2022-900833.00

Judge: JIMMY B POOL

To:   GLOVER CHRISTOPHER DEAN
      chris.glover@beasleyallen.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following matter was served on 7/15/2022

D001 FCA US LLC FKA CHRYSLER GROUP LLC
Corresponding To
SERVED PERSONALLY
FCA LLC

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

AlaFile E-Notice

03-CV-2022-900833.00

Judge: JIMMY B POOL

To: VANCE STEWART EARL
svance@thevancelawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CHIQUITA VINSON ,AS ADMIN. OF THE ESTATE OF TO V. FCA US LLC FKA CHRYS
03-CV-2022-900833.00

The following matter was served on 7/15/2022

D001 FCA US LLC FKA CHRYSLER GROUP LLC
Corresponding To
SERVED PERSONALLY
FCA LLC

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260